1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6
7

CESAR ZAVALA-VASQUEZ and
CARMEN PEREZ, husband and wife,

        Plaintiffs,

CASE NO. C08-5673BHS

8
9
10
11

    v.

ALLSTATE INDEMNITY COMPANY,

        Defendant.

ORDER GRANTING
DEFENDANT'S MOTION TO
COMPEL DEPOSITIONS
PURSUANT TO FRCP 30

12
13

      This matter comes before the Court on Defendant's Motion to Compel Depositions

14
Pursuant to FRCP 30 (Dkt. 20). The Court has considered the pleadings filed in support

15
of and in opposition to the motion and the remainder of the file and hereby grants the

16
motion for the reasons stated herein.

17

**I. PROCEDURAL HISTORY**

18
      On September 29, 2008, Plaintiffs Cesar Zavala-Vasquez and Carmen Perez filed a

19
complaint against Defendant Allstate Indemnity Company in the Superior Court of

20
Washington for Pierce County. Dkt. 1 at 1. On November 7, 2008, Defendant removed

21
the action to this Court. *Id*. In their complaint, Plaintiffs allege that Defendant breached

22
an insurance contract, acted in bad faith, violated both the Washington Consumer

23
Protection Act and the Washington Insurance Fair Conduct Act, and inflicted emotional

24
distress. *Id*. at 8-11.

25
      On April 10, 2009, Defendant filed a motion to compel the depositions of

26
Plaintiffs. Dkt. 20. On April 27, 2009, Plaintiffs responded. Dkt. 27. On April 30, 2009,

27
Defendant replied. Dkt. 30.

28

## II. FACTUAL BACKGROUND

Plaintiffs claim that on September 29, 2007, there was a fire at their home.  Dkt. 1 at 8.  Plaintiffs also claim that their house was covered by an insurance contract with Defendant, that they submitted a claim for coverage to Defendant, and that Defendant denied that claim.  *Id.*

It is undisputed that Defendant asked Plaintiffs questions, under oath, before this action was filed.  Defendant asked Mr. Zavala-Vazquez questions on March 7, 2008, and asked Ms. Perez questions on February 25, 2008.

In February of 2009, Defendant served Plaintiffs with requests for depositions under the above entitled case number, C08-5673BHS.  On March 5, 2009, Plaintiffs' counsel sent a letter to Defendant's counsel informing him that "in preparation for initial disclosures, it was discovered that the depositions of Mr. Vasquez and Ms. Perez were taken at [Defendant's] request . . . ."  Dkt. 23-3 at 16.

On March 29, 2009, the parties' counsel held a discovery conference regarding Plaintiffs' refusal to submit to depositions.  Dkt. 23-4 at 4.  The attorneys were unable to resolve the issue and the current motion followed.  *Id.*

## III. DISCUSSION

As a threshold matter, it is noted that Plaintiffs fail to cite any controlling authority in support of their refusal to submit to depositions.  Plaintiffs, however, argue that the Court should consider the pre-lawsuit questioning of Plaintiffs to be depositions for purposes of Fed. R. Civ. P. 30.

The Federal Rules of Civil Procedure allow depositions by oral examination as follows:

> (1) **Without Leave**. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
> (2) **With Leave**. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
> (A) if the parties have not stipulated to the deposition and:
> ***

(ii) the deponent has already been deposed in the case;

Fed. R. Civ. P. 30 (emphasis in original).

In this case, Plaintiffs claim that they "have already been deposed." Dkt. 27 at 1. Although the parties dispute the classification of the original discussions between Defendant and Plaintiffs, it is irrelevant whether those discussions qualify as depositions because of the timing of the discussions. It is undisputed that this action was not filed at the time of those discussions and therefore Defendant did not depose either Plaintiff in *this* case. Plaintiffs' arguments to the contrary are wholly without merit and almost frivolous. Therefore, the Court grants Defendant's motion to compel.

The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of a deponent. Fed. R. Civ. P. 30(d)(2). Plaintiffs have delayed Defendant's fair examination of Plaintiffs. Defendant claims that it cost $1000 to bring this motion. Defendant's request for sanctions is denied. However, any further unwarranted frustration of discovery rules by Plaintiffs will likely result in the imposition of sanctions.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Compel Depositions Pursuant to FRCP 30 (Dkt. 20) is **GRANTED** and Plaintiffs must submit to Defendant's requests for depositions.

DATED this 6th day of May, 2009.

_____
BENJAMIN H. SETTLE
United States District Judge