UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CESAR ZAVALA-VASQUEZ and CARMEN PEREZ, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>Defendant. | CASE NO. C08-5673BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: INTENTIONALLY SET FIRE |

This matter comes before the Court on Defendant's Motion for Summary Judgment Re: Intentionally Set Fire. Dkt. 35. The Court has considered the pleadings filed in support of the motion, Plaintiffs' failure to respond, and the remainder of the file, and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 29, 2008, Plaintiffs Cesar Zavala-Vasquez and Carmen Perez filed a complaint against Defendant Allstate Indemnity Company in the Superior Court of Washington for Pierce County. Dkt. 1 at 1. On November 7, 2008, Defendant removed the action to this Court. *Id*.

In their complaint, Plaintiffs allege that Defendant breached an insurance contract, acted in bad faith, violated both the Washington Consumer Protection Act and the Washington Insurance Fair Conduct Act, and inflicted emotional distress. *Id*. at 8-11.

On July 16, 2009, Defendant filed a Motion for Summary Judgment Re: Intentionally Set Fire. Dkt. 35. Plaintiffs failed to respond. On July 31, 2009, Defendant replied. Dkt. 41

ORDER - 1

## II. FACTUAL BACKGROUND

Plaintiffs claim that on September 29, 2007, there was a fire at their home. Dkt. 1 at 8. Plaintiffs also claim that their house was covered by an insurance contract with Defendant, that they submitted a claim for coverage to Defendant, and that Defendant denied that claim. *Id.* Defendant claims that it "denied the Plaintiff's insurance claim for the fire loss in part because it appeared that the Plaintiffs caused the loss." Dkt. 32 at 2.

With regard to the current motion, Defendant claims that two experts have determined that the house fire was intentionally set. Dkt. 35 at 2-3. These experts are Lt. Tom Pickford of the Tacoma Fire Department (Dkt. 37, Declaration of Tom Pickford) and Scott Roberts of Case Forensics (Dkt. 38, Declaration of Scott Roberts). Moreover, Defendant claims that both Plaintiffs testified at their depositions that "they did not know how the fire started, but that they believed that the fire was intentionally set." Dkt. 35 at 2.

## III. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

ORDER - 2

jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B. Defendant's Motion**

Defendant requests summary judgment because "there is no question of material fact that the fire was intentionally set." Dkt. 35 at 6. Plaintiffs failed to respond, an act which the Court may consider an admission that Defendant's motion has merit. *See* Local Rule CR 7(b)(2). Although the issue of who intentionally set the fire remains, the Court grants Defendant's motion on the issue of the house fire being intentionally set.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment Re: Intentionally Set Fire (Dkt. 35) is **GRANTED**.

DATED this 27th day of August, 2009.

BENJAMIN H. SETTLE
United States District Judge