UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

CESAR ZAVALA-VASQUEZ and
CARMEN PEREZ, husband and wife,

Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,

Defendant.

CASE NO. C8-5673BHS

ORDER DENYING
DEFENDANT'S MOTION TO
COMPEL DISCOVERY
PURSUANT TO FRCP 37

This matter comes before the Court on Defendant's Motion to Compel Discovery Pursuant to FRCP 37. Dkt. 44. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On September 29, 2008, Plaintiffs Cesar Zavala-Vasquez and Carmen Perez filed a complaint against Defendant Allstate Indemnity Company in the Superior Court of Washington for Pierce County. Dkt. 1 at 1. On November 7, 2008, Defendant removed the action to this Court. *Id*.

In their complaint, Plaintiffs allege that Defendant breached an insurance contract, acted in bad faith, violated both the Washington Consumer Protection Act and the Washington Insurance Fair Conduct Act, and inflicted emotional distress. *Id*. at 8-11.

On August 16, 2009, Defendant filed a Motion to Compel Discovery Pursuant to FRCP 37. Dkt. 44. On September 1, 2009, Plaintiffs responded and included supplemental discovery responses. Dkt. 49. On September 3, 2009, Defendant replied. Dkt. 51. Defendant claims that Plaintiffs' supplemental responses are untimely and inadequate and that Plaintiffs have failed to provide the following:

- Plaintiffs' final inventory;
- Complete contact information for the Plaintiffs' past employers;

ORDER - 1

1          •       Complete financial records regarding Mr. Zavala's independent
                   contracting work; and
2          •       Plaintiffs' complete DSHS records.

*Id*. at 1.

With regard to Plaintiffs' DSHS records, Defendant claims that it "requested that the Plaintiffs provide their DSHS records or sign an authorization to allow [Defendant] to obtain them." Dkt. 44 at 4. Defendant's request reads as follows:

> We would like to obtain copies of your clients' DSHS file. Enclosed is a stipulation, as well as authorizations in this regard. Please have you and your clients sign where indicated and return to me on or before July 31, 2009. If you are not willing to sign the enclosed forms, we will move to obtain permission from the court.

Dkt. 45, Declaration of Rory Leid, Exh. G. Defendant also claims that Plaintiffs did not object to the request or assert any privilege as to the requested material. Dkt. 44 at 6.

## II. DISCUSSION

A party may serve a request for production for material "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "The party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P 34(b)(2). If a the responding party fails to comply with the request for production, the requesting party may move the Court for an order compelling production. Fed. R. Civ. P. 37.

In this case, Plaintiffs claim that they have produced all information regarding the personal property that was subject to loss (Dkt. 49 at 5), all information regarding their employment histories for the last five years (*Id*. at 2-3), and all information regarding their business and financial information (*Id*. at 3). Therefore, the Court denies Defendants motion as to this material because there is no relief to be granted.

With regard to Plaintiffs' DSHS records, Plaintiffs argue that they have turned over all documents that are in their possession, Defendants have not properly requested the information, and Plaintiffs should "not be required to waive any rights they may have,

concerning health insurance information, under HIPPA, without a specific discovery request." *Id*. at 4. Plaintiffs have failed to cite any authority for either of these positions.

In *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470 (D. Nev. 1998), the court held that the "relationship between the Plaintiff and her doctor is not sufficient to establish control." *Id*. at 472. The court explained its reasoning as follows:

> Defendants can secure copies of the requested documents from the custodian of the records as readily as the Plaintiff. Proper use of the Federal Rules of Civil Procedure will allow for production of the medical records in the possession of physicians, hospitals, and other medical care providers. *See Neal v. Boulder*, [142 F.R.D. 325, 327 (D.Colo.1992)]; *see generally Estate of Young v. Holmes*, [134 F.R.D. 291, 294 (D.Nev.1991)]. The only likely impediment to the Defendants' discovery of Plaintiff's medical records would be a physician-patient privilege. However, there is no federal physician-patient privilege. Consequently, the Defendants have complete access to all necessary information through the appropriate discovery provisions of the Federal Rules of Civil Procedure.

*Clark*, 181 F.R.D. at 472. The Court agrees with and adopts this reasoning to the extent that Plaintiffs' DSHS records are not within their control and Defendant has other means of obtaining the information. Therefore, the Court denies Defendant's motion to compel Plaintiffs' DSHS records through Plaintiffs.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Compel Discovery Pursuant to FRCP 37 (Dkt. 44) is **DENIED**.

DATED this 21st day of September, 2008.

BENJAMIN H. SETTLE
United States District Judge