UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CESAR ZAVALA-VASQUEZ and CARMEN PEREZ, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>Defendant. | CASE NO. C08-5673BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: PLAINTIFFS' EXTRA CONTRACT CLAIMS |

This matter comes before the Court on Defendant's Motion for Summary Judgment Re: Plaintiffs' Extra Contract Claims. Dkt. 46. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 29, 2008, Plaintiffs Cesar Zavala-Vasquez and Carmen Perez filed a complaint against Defendant Allstate Indemnity Company in the Superior Court of Washington for Pierce County. Dkt. 1 at 1. On November 7, 2008, Defendant removed the action to this Court. *Id*.

In their complaint, Plaintiffs allege that Defendant breached an insurance contract, acted in bad faith, violated both the Washington Consumer Protection Act ("CPA") and the Washington Insurance Fair Conduct Act ("IFCA"), and inflicted emotional distress. *Id*. at 8-11.

1    On July 16, 2009, Defendant filed a Motion for Summary Judgment Re:
Intentionally Set Fire. Dkt. 35. Plaintiffs failed to respond. On July 31, 2009, Defendant
replied. Dkt. 41. On August 27, 2009, the Court granted Defendant's motion. Dkt. 48.

On August 25, 2009, Defendant filed a Motion for Partial Summary Judgment Re:
Plaintiffs' Extra Contractual Claims. Dkt. 46. On September 14, 2009, Plaintiffs
responded. Dkt. 54. On September 18, 2009, Defendant replied and included a motion to
strike portions of both Plaintiffs' declarations. Dkt. 56.

## II. FACTUAL BACKGROUND

Plaintiffs claim that on September 29, 2007, there was a fire at their home. Dkt. 1 at 7-11 ("Complaint"), ¶ 2.1. Plaintiffs also claim that their house was covered by an insurance contract with Defendant and that they submitted a claim for coverage to Defendant. *Id*. ¶¶ 2.2-2.3.

On February 25, 2008, Defendant conducted an examination under oath of Virginia Alameda, Plaintiff Perez's daughter. Dkt. 47, Declaration of Rory Leid ("Leid Decl."), Exh. E. On March 7, 2008, Defendant conducted an examination under oath of both Plaintiffs. *Id*., Exhs. A and F.

On April 11, 2008, Defendant denied Plaintiffs' claim for coverage. Dkt. 1 at 8. Defendant claims that it "denied the Plaintiff's insurance claim for the fire loss in part because it appeared that the Plaintiffs caused the loss." Dkt. 32 at 2.

On June 17, 2009, Defendant conducted depositions of both Plaintiffs. Leid Decl., Exhs. C and E. For the purposes of the instant motion, it is important to note that Plaintiffs' depositions occurred over one year after Plaintiffs' examinations under oath.

## III. DISCUSSION

**A.  Defendant's Motion to Strike**

Defendant moves to partially strike portions of Plaintiff Zavala-Vasquez's and Ms. Alameda's declarations. Dkt. 56 at 6. Defendant argues that some of the statements contained therein are irrelevant to the issues before the Court. *Id*. Defendant, however,

fails to identify exactly what statements the Court should consider irrelevant. Morever, the conclusory nature of this motion serves no useful purpose and only complicates the issues before the Court. Therefore, the Court denies Defendant's motion to strike.

**B.     Defendant's Motion for Partial Summary Judgment**

   **1.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at

trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### 2. Defendant's Motion

Defendant requests summary judgment on Plaintiffs' claims for Bad Faith, Violations of the Washington Consumer Protection Act ("CPA") and the Washington Insurance Fair Conduct Act ("IFCA"), and Outrage. Dkt. 46 at 1.

#### a. Bad Faith

An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith. *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 484 (2003). To succeed on a bad faith claim, the policyholder must show that the insurer's investigation and denial of coverage was unreasonable, frivolous, or unfounded. *Id.* at 484; *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 433 (2002). Whether an insurer acted in bad faith is a question of fact. *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 142 Wash.2d 784, 796 (2001).

In this case, Plaintiffs' claim for bad faith is based on Defendant's denial of Plaintiffs' claim for insurance coverage. Under Washington law, a reasonable basis for denial of an insured's claim constitutes a complete defense to any claim that the insurer acted in bad faith. *Shields v. Enterprise Leasing Co.*, 139 Wn. App. 664, 676 (2007); *Dombrosky v. Farmers Ins. Co.*, 84 Wn. App. 245, 260 (1996). Defendant argues that it acted reasonably in

> denying the Plaintiffs' insurance claim on two major bases: a) Plaintiffs misrepresented and/or concealed numerous material facts regarding the loss; and b) Plaintiffs caused the loss. Both of these facts preclude coverage for the Plaintiffs' claim.

Dkt. 46 at 2.

First, Defendant argues that Plaintiff Zavala-Vasquez's "June 17, 2009 testimony contradicts his March 7, 2007 testimony." *Id.* at 3. Plaintiffs counter that the alleged

ORDER - 4

misrepresentation are "nothing more than a product of [Defendant's] demonstrable mischaracterization of the factual record in this case." Dkt. 54 at 2. Plaintiffs also argue that "it is not possible that [Defendant] was justified in denying Plaintiffs' insurance claim in 2008, based on statements Mr. Zavala made in June of 2009, that allegedly contradict statements made in March of [2007]." *Id*. at 12. The Court agrees with Plaintiffs to the extent that it defies logic to argue that Defendant's denial was reasonable based on Defendant subsequently obtaining contradictory information from Plaintiffs.

In reply, Defendant argues that the Court should ignore Plaintiffs' argument because arguments that are unsupported by pertinent authority are waived. Dkt. 56 at 4 (citing *White Eagle Co-op. Ass'n v. Conner*, 553 F.3d 467, 476 (7th Cir. 2009)). Defendant's argument is without merit. Plaintiffs have established that there is at least a question of fact whether it was unreasonable to deny their insurance claim based on the information *currently* before the insurance company. Therefore, the Court denies Defendant's motion for summary judgment on this issue because there exist questions of fact whether Defendant's denial was reasonable.

Second, Defendant argues that it was reasonable to deny Plaintiffs' insurance claim as an intentional act because the preponderance of the evidence supports that the Plaintiffs caused the loss. Dkt. 46 at 16. Defendant claims that to

> deny a claim based on an intentional act exclusion, an insurer must have *prima facie* evidence of the following elements:
> (a) Motive;
> (b) Opportunity to procure the loss; and that
> (c) The loss was the result of an intentional act.

*Id*. (citing *Great American Ins. Co. v. K & W Log, Inc.*, 22 Wn. App. 468 (1979)).

Defendant's citation of the law on this issue is questionable. In *Great American*, the Washington Court of Appeals addressed a declaratory judgment that was issued by the trial court. 22 Wn. App. at 469. The trial court issued the judgment in favor of the insurance company after finding that the insurance contract afforded no coverage for the intentional act of the insured destroying the covered property. *Id*. at 469-471. The Court

ORDER - 5

of Appeals held that a defense of the intentional act of arson may be proved by circumstantial evidence and that the standard of proof was a fair preponderance of the evidence. *Id*. at 472-474. Defendant has failed to show that this holding applies to a summary judgment motion regarding the reasonableness of the denial of an insurance claim. If this matter proceeds to a bench trial, then the Court may implement these rules. However, for the purposes of the instant summary judgment motion, the Court disagrees with Defendant's proposition on this issue.

Therefore, the Court is not persuaded that Defendant's burden is *prima facie* evidence or a preponderance of the evidence. Moreover, Defendant has again failed to show that the evidence it relies upon to establish that it acted reasonably was in its possession when it denied Plaintiffs' claim. At the very least, Plaintiffs have established that there exist questions of fact regarding whether it was reasonable for Defendant to deny the claim based on the allegation that Defendant's investigation revealed an intentional act by Plaintiffs. The Court also denies Defendant's motion for summary judgment on the issue of whether the denial was reasonable based on the allegation of Plaintiffs' intentional act.

### b. Washington Insurance Fair Conduct Act

The IFCA provides that: "No person engaged in the business of insurance shall engage in unfair methods of competition or in unfair or deceptive acts or practices in the conduct of such business . . . ." RCW 48.30.010(1). IFCA protects an insured from the unreasonable denial of "a claim for coverage or payment of benefits by an insurer . . . ." RCW 48.30.015(1).

In this case, Defendant argues that it did not unreasonably deny Plaintiffs' insurance claim. Dkt. 46 at 17. The Court, however, has found that questions of fact exist as to whether Defendant's denial was unreasonable. *See, supra*. Therefore, the Court denies Defendant's motion for summary judgment on Plaintiffs' claim for a violation of the IFCA.

### c.     Washington Consumer Protection Act

The CPA provides that: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.  The Washington Supreme Court has held that:

> to prevail in a private CPA action . . ., a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation.

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).  While the injury involved need not be great, or even quantifiable, it must be an injury to business or property. *Ambach v. French*, ___ Wn.2d ___ (Sept. 24, 2009) (internal citations and quotations omitted).   Washington courts have found injury to "business or property" where the defendant's act in violation of the CPA caused the plaintiff to suffer loss of professional or business reputation, loss of goodwill, or inability to tend to a business establishment. *Id*.  Personal injury damages, however, are not compensable damages under the CPA and do not constitute injury to business or property. *Id*.

In this case, Defendant argues that Plaintiffs have failed to show an injury to their "business or property."  Dkt. 46 at 17.  Plaintiffs counter that the record is replete with damages. Dkt. 54 at 17.  Those damages, however, are limited to the personal injuries of high blood pressure, severe anxiety and emotional distress. *See id*. at 18.  The only alleged financial damages are that Plaintiffs must make a "mortgage payment on a house they cannot live in, at the same time they are making lease payments for an apartment . . . ." *Id*. at 18-19.  This allegation is made only in Plaintiff's response brief. However, the Court may not rely on this allegation for purposes of summary judgment because Plaintiffs have failed to submit admissible evidence in support of this allegation. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  Therefore, the Court grants Defendant's motion for summary judgment on this issue.

ORDER - 7

### d. Outrage

Under Washington law, the elements of the tort of outrage are: (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress. *Dombrosky v. Farmers Ins. Co.*, 84 Wn. App. 245, 261 (1997). In this case, Defendant moves for summary judgment on the third element, whether Plaintiffs suffered severe emotional distress. Dkts. 46 at 17 and 56 at 6.

To qualify as "severe" the distress must be "more than transient and trivial emotional distress," which is "part of the price of living among people." *Kloepfel v. Bokor*, 149 Wn.2d 192, 198 (2003). If the first two elements of outrage are established, the severity of the emotional distress should normally go to the jury unless a court determines that the alleged distress is mere annoyance, inconvenience, and normal embarrassment that is a part of life. *Brower v. Ackerley*, 88 Wn. App. 87, 101-102 (1997). The less outrageous the conduct, the more a court may scrutinize the severity element to insure that the claim is genuine, and vice versa – the enormity of the outrage may carry conviction that the emotional distress is severe even in the absence of bodily harm. *Id.* at 100 (citing Restatement (Second) of Torts § 46); *see also Brower*, 88 Wn. App. at 101 ("When the conduct offered to establish the tort's first element is not extreme, a court must withhold the case from a jury notwithstanding proof of intense emotional suffering.").

In this case, Defendant claims that Plaintiffs have "no damages" of severe emotional distress. Dkt. 46 at 17. Plaintiffs counter that:

> Carmen Perez has been diagnosed with high blood pressure, her son David suffered from severe anxiety and emotional distress, Cesar Zavala's medical condition caused by [a] gunshot wound was exacerbated, and his recovery took longer.

Dkt. 54 at 18. The Court finds that, in this case, the denial of Plaintiffs' insurance claim may have been unreasonable but does not rise to the level of severe or outrageous conduct. Thus, the Court may apply a higher level of scrutiny to Plaintiffs' alleged

ORDER - 8

emotional distress. *See Brower*, 88 Wn. App. at 101. While the Court sympathizes with Plaintiffs' plight, it cannot find that Plaintiffs have suffered "intense emotional suffering" that is necessary to submit this issue to the jury. Therefore, the Court grants Defendant's motion for summary judgment on Plaintiffs' claim for the tort of outrage.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment Re: Plaintiffs' Extra Contract Claims (Dkt. 46) is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 15th day of October, 2009.

                                              BENJAMIN H. SETTLE
                                              United States District Judge