UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CESAR ZAVALA-VASQUEZ and
CARMEN PEREZ, husband and wife,

Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,

Defendant.

CASE NO. C08-5673BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
RECONSIDERATION AND
REQUESTING RESPONSE

This matter comes before the Court on Defendant's Motion for Reconsideration (Dkt. 65) and Plaintiffs' Motion for Reconsideration (Dkt. 67). The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby denies Defendant's motion and requests a response from Defendant to Plaintiffs' motion.

## I. PROCEDURAL HISTORY

On September 29, 2008, Plaintiffs Cesar Zavala-Vasquez and Carmen Perez filed a complaint against Defendant Allstate Indemnity Company in the Superior Court of Washington for Pierce County. Dkt. 1 at 1. On November 7, 2008, Defendant removed the action to this Court. *Id*.

In their complaint, Plaintiffs allege that Defendant breached an insurance contract, acted in bad faith, violated both the Washington Consumer Protection Act ("CPA") and the Washington Insurance Fair Conduct Act ("IFCA"), and inflicted emotional distress. *Id*. at 8-11.

ORDER - 1

On August 25, 2009, Defendant filed a Motion for Partial Summary Judgment Re: Plaintiffs' Extra Contractual Claims. Dkt. 46.

On October 15, 2009, the Court granted in part and denied in part Defendant's motion. Dkt. 64. The Court denied Defendant's motion on Plaintiffs' bad faith claim and Washington Insurance Fair Conduct Act ("IFCA") claim because

> Plaintiffs have established that there exist questions of fact regarding whether it was reasonable for Defendant to deny the claim based on the allegation that Defendant's investigation revealed an intentional act by Plaintiffs.

*Id*. at 6.

The Court granted Defendant's motion as to Plaintiffs' claim under the Washington Consumer Protection Act ("CPA") because Plaintiffs had failed to submit admissible evidence of an injury to their business or property. *Id*. at 7-8.

On October 26, 2009, Defendant filed a Motion for Reconsideration of the Court's order. Dkt. 65. On October 27, 2009, Plaintiff also filed a Motion for Reconsideration. Dkt. 67.

## II. FACTUAL BACKGROUND

Plaintiffs claim that on September 29, 2007, there was a fire at their home. Dkt. 1 at 7-11 ("Complaint"), ¶ 2.1. Plaintiffs also claim that their house was covered by an insurance contract with Defendant and that they submitted a claim for coverage to Defendant. *Id*. ¶¶ 2.2-2.3.

On February 25, 2008, Defendant conducted an examination under oath of Virginia Alameda, Plaintiff Perez's daughter. Dkt. 47, Declaration of Rory Leid ("Leid Decl."), Exh. E. On March 7, 2008, Defendant conducted an examination under oath of both Plaintiffs. *Id*., Exhs. A and F.

On April 11, 2008, Defendant denied Plaintiffs' claim for coverage. Dkt. 1 at 8. Defendant claims that it "denied the Plaintiff's insurance claim for the fire loss in part because it appeared that the Plaintiffs caused the loss." Dkt. 32 at 2.

ORDER - 2

On June 17, 2009, Defendant conducted depositions of both Plaintiffs. Leid Decl., Exhs. C and E. For the purposes of the instant motion, it is important to note that Plaintiffs' depositions occurred over one year after Plaintiffs' examinations under oath.

### III. DISCUSSION

As a threshold matter, Defendant asserts that a motion for reconsideration is governed by Fed. R. Civ. P. 59 and 60. Dkt. 65 at 6-7. Defendant is wrong. Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). The Court may not grant a motion for reconsideration unless a response has been requested. *Id*. 7(h)(3).

In this case, Defendant requests that the Court reconsider its denial of Defendant's motion for summary judgment on Plaintiffs' bad faith claim and IFCA claim. Dkt. 65. The Court denies this request because there are questions of fact regarding the reasonableness of Defendant's denial of Plaintiffs' insurance claim. Those questions must be submitted to the factfinder. Therefore, the Court denies Defendant's motion.

With regard to Plaintiffs' motion, they request that the Court reconsider its dismissal of their CPA claim. Dkt. 67. Plaintiffs argue that the Court may have overlooked evidence of injury to their property. *Id*. at 2-3. They claim that the evidence was contained in the Declaration of Virginia Alameda (Dkt. 53). Dkt. 67 at 2-3. Plaintiffs also argue that they have obtained new facts that could not have been brought to the Court's attention earlier with reasonable diligence. *Id*. at 3 (citing Dkt. 68, Declaration of Carmen Perez). These facts may create a question of fact regarding the element of injury under Plaintiffs' CPA claim. Therefore, the Court requests a response from Defendant on whether the Court should grant Plaintiffs' motion for reconsideration on these factual issues.

**IV. ORDER**

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Reconsideration (Dkt. 65) is **DENIED**. The Court requests a response from Defendant to Plaintiffs' Motion for Reconsideration (Dkt. 65). Defendant may file a response not to exceed eight (8) pages no later than November 8, 2009.

DATED this 29th day of October, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4