UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CESAR ZAVALA-VASQUEZ and
CARMEN PEREZ, husband and wife,

       Plaintiffs,

    v.

ALLSTATE INDEMNITY COMPANY,

       Defendant.

CASE NO. C08-5673BHS

ORDER ON PLAINTIFFS'
MOTION FOR
RECONSIDERATION AND
VACATING PRIOR ORDER
IN PART

      This matter comes before the Court on Plaintiffs' motion for reconsideration (Dkt. 67). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Plaintiffs' motion and vacates its prior order in part.

## I. PROCEDURAL HISTORY

      On September 29, 2008, Plaintiffs Cesar Zavala-Vasquez and Carmen Perez filed a complaint against Defendant Allstate Indemnity Company in the Superior Court of Washington for Pierce County. Dkt. 1 at 1. On November 7, 2008, Defendant removed the action to this Court. *Id*.

      In their complaint, Plaintiffs allege that Defendant breached an insurance contract, acted in bad faith, violated both the Washington Consumer Protection Act ("CPA") and

the Washington Insurance Fair Conduct Act ("IFCA"), and inflicted emotional distress. *Id*. at 8-11.

On August 25, 2009, Defendant filed a Motion for Partial Summary Judgment Re: Plaintiffs' Extra Contractual Claims.  Dkt. 46.

On October 15, 2009, the Court granted in part and denied in part Defendant's motion.  Dkt. 64.  The Court granted Defendant's motion as to Plaintiffs' claim under the CPA because Plaintiffs had failed to submit admissible evidence of an injury to their business or property.  *Id*. at 7-8.

On October 27, 2009, Plaintiffs also filed a motion for reconsideration.  Dkt. 67.  On October 29, 2009, the Court requested a response from Defendant.  Dkt. 69.  On November 6, 2009, Defendant filed a response.  Dkt. 74.

## II.  FACTUAL BACKGROUND

Plaintiffs claim that on September 29, 2007, there was a fire at their home.  Dkt. 1 at 7-11 ("Complaint"), ¶ 2.1.  Plaintiffs also claim that their house was covered by an insurance contract with Defendant and that they submitted a claim for coverage to Defendant.  *Id*. ¶¶ 2.2-2.3.

On April 11, 2008, Defendant denied Plaintiffs' claim for coverage.  Dkt. 1 at 8.  Defendant claims that it "denied the Plaintiff's insurance claim for the fire loss in part because it appeared that the Plaintiffs caused the loss."  Dkt. 32 at 2.

## III.  DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).  The Court may not grant a motion for reconsideration unless a response has been requested.  *Id*. 7(h)(3).

Plaintiffs request that the Court reconsider its dismissal of their CPA claim. Dkt. 67. Plaintiffs argue that the Court may have overlooked evidence of injury to their property that was contained in the Declaration of Virginia Alameda (Dkt. 53). Dkt. 67 at 2-3. Plaintiffs also argue that they have obtained new facts that could not have been brought to the Court's attention earlier with reasonable diligence. *Id.* at 3 (citing Dkt. 68, Declaration of Carmen Perez). Ms. Perez declares that she was in Costa Rica for a period of time and that the last payment they "made on the house was for approximately $4,000 about four or five months ago." *Id.* ¶ 3.

Defendant counters that "Plaintiffs have presented no objective evidence of any rental payments, or mortgage payments." Dkt. 74 at 5. The standard, however, is admissible evidence. *See* Fed. R. Civ. P. 56(e). Under this standard, the Court finds that Plaintiffs have submitted admissible evidence of financial injury to property.

Defendant also argues that, even if "the Plaintiffs' alleged financial damage was injury to business or property, Plaintiffs' alleged financial damage is not the result of Allstate's denial [of insurance coverage]." Dkt. 74 at 4. To state a claim under the CPA, a plaintiff must show, among other things, that he has suffered injury to his business or property and that the injury was proximately caused by the defendant's unfair or deceptive act. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-785 (1986). Defendant claims that, at the time of the fire, "Plaintiffs were locked out of their house by the City [of Tacoma]." Dkt. 74 at 4; *see also* Dkt. 75, Declaration of Rory Leid, Exh. A.

In this case, Defendant argues that because "Plaintiffs could not reenter [their house] until they paid the City money and made repairs to the residence," Defendant has not proximately caused Plaintiffs' alleged financial damages of mortgage payments and rental payments. Dkt. 74 at 4-5. The Court disagrees with Defendant on the issue of proximate causation. The fact that Plaintiffs were not legally entitled to use their home when the fire occurred does not show that Defendant's denial of Plaintiffs' insurance

claim has not proximately caused injury to Plaintiffs' property.  Plaintiffs are conceivably in a worse financial position by owing payments on a fire-damaged, uninhabitable home as opposed to a home that may not be occupied until certain conditions are met.  Whether or not they were in a worse financial position is a question of fact for a jury. To state a prima facie case, "the injury involved need not be great, or even quantifiable . . . ." *Ambach v. French*, 216 P.3d 405, 407 (2009).

Therefore, the Court grants Plaintiffs' motion for reconsideration based on the facts in the record.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' motion for reconsideration (Dkt. 67) is **GRANTED** and the Court's Order Granting in Part and Denying in Part Defendant's Motion for Partial Summary Judgment (Dkt. 64) is **VACATED** as to Plaintiffs' CPA claim.

DATED this 23rd day of November, 2009.

BENJAMIN H. SETTLE
United States District Judge