UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CESAR ZAVALA-VASQUEZ and
CARMEN PEREZ, husband and wife,

Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,

Defendant.

CASE NO. C08-5673BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT RE
PLAINTIFFS' MISREPRE-
SENTATIONS AND
DEFENDANT'S MOTION FOR
RELIEF FROM THE TEN-
JUDICIAL DAY DEADLINE
UNDER LOCAL RULE CR
7(h)(2) AND FOR RECON-
SIDERATION RE THE
PLAINTIFFS' BAD FAITH AND
CPA CLAIMS

This matter comes before the Court on Defendant's Motion for Summary Judgment Re Plaintiffs' Misrepresentations (Dkt. 59) and Defendant's Motion for Relief from the Ten-Judicial Day Deadline Under Local Rule CR 7(h)(2) and for Reconsideration Re the Plaintiffs' Bad Faith and CPA Claims (Dkt. 77). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 29, 2008, Plaintiffs Cesar Zavala-Vasquez ("Mr. Zavala") and Carmen Perez filed a complaint against Defendant Allstate Indemnity Company in the

ORDER - 1

Superior Court of Washington for Pierce County. Dkt. 1 at 1. On November 7, 2008, Defendant removed the action to this Court. *Id*.

In their complaint, Plaintiffs allege that Defendant breached an insurance contract, acted in bad faith, violated both the Washington Consumer Protection Act ("CPA") and the Washington Insurance Fair Conduct Act ("IFCA"), and inflicted emotional distress. *Id*. at 8-11.

On July 16, 2009, Defendant filed a Motion for Summary Judgment Re Intentionally Set Fire. Dkt. 35. Plaintiffs failed to respond. On July 31, 2009, Defendant replied. Dkt. 41. On August 27, 2009, the Court granted Defendant's motion. Dkt. 48.

Defendant has filed two other motions for summary judgment and two motions for reconsideration regarding the Court's order on the second motion for summary judgment.

**A.     Defendant's Second Motion for Summary Judgment**

On August 25, 2009, Defendant filed a Motion for Partial Summary Judgment Re Plaintiffs' Extra-Contractual Claims. Dkt. 46. On October 15, 2009, the Court granted in part and denied in part Defendant's motion. Dkt. 64. The Court denied Defendant's motion on Plaintiffs' bad faith claim and IFCA claim because

> Plaintiffs have established that there exist questions of fact regarding whether it was reasonable for Defendant to deny the claim based on the allegation that Defendant's investigation revealed an intentional act by Plaintiffs.

*Id*. at 6.

The Court granted Defendant's motion as to Plaintiffs' claim under the CPA because Plaintiffs had failed to submit admissible evidence of an injury to their business or property. *Id*. at 7-8.

On October 26, 2009, Defendant filed a Motion for Reconsideration of the Court's order. Dkt. 65. Defendant argued that it "had presented substantial evidence that the Plaintiffs made numerous misrepresentations and/or concealments." Dkt. 65 at 10.

On October 27, 2009, Plaintiffs also filed a motion for reconsideration. Dkt. 67. On October 29, the Court denied Defendant's motion and requested a response from

Defendant to Plaintiffs' motion. Dkt. 69. The Court denied Defendant's motion for reconsideration "because there are questions of fact regarding the reasonableness of Defendant's denial of Plaintiffs' insurance claim. Those questions must be submitted to the factfinder." Dkt. 69 at 3.

On November 23, 2009, the Court granted Plaintiffs' motion for reconsideration and partially vacated its order on Defendant's motion for summary judgment. Dkt. 76. The Court found that Plaintiffs had submitted evidence of damages to support their claim under the CPA and, therefore, Defendant was not entitled to summary judgment. *Id.* at 3.

On December 2, 2009, Defendant filed a Motion for Relief from the Ten-Judicial Day Deadline Under Local Rule CR 7(h)(2) and for Reconsideration Re the Plaintiffs' Bad Faith and CPA Claims. Dkt. 77. Defendant's "Relief Requested" section reads as follows:

> Allstate respectfully requests that the Court reconsider its findings regarding the Plaintiffs' bad faith and CPA claims. On November 24, 2009, the Washington Court of Appeals ruled in *Kim v. Allstate*[, \_\_\_ P.3d \_\_\_, 2009 WL 4043373 (Wn. App. Div. 2)] that an insured's material misrepresentations negate a finding that the insurer acted in bad faith or violated the CPA. It is undisputed that the Plaintiffs have misrepresented and/or concealed material facts. Under Washington law, Plaintiffs' misrepresentations and/or concealments negate any finding that Allstate acted in bad faith or violated the CPA.

Dkt. 77 at 1.

**B.    Defendant's Third Motion for Summary Judgment**

On October 9, 2009, Defendant filed a Motion for Summary Judgment Re Plaintiffs' Misrepresentations. Dkt. 59. On November 2, 2009, Plaintiffs responded. Dkt. 71. On November 6, 2009, Defendant replied. Dkt. 73.

## II.  FACTUAL BACKGROUND

Plaintiffs claim that on September 29, 2007, there was a fire at their home. Dkt. 1 at 7-11 ("Complaint"), ¶ 2.1. Plaintiffs also claim that their house was covered by an insurance contract with Defendant and that they submitted a claim for coverage to Defendant. *Id.* ¶¶ 2.2-2.3.

ORDER - 3

On March 7, 2008, Defendant conducted an examination under oath of both Plaintiffs. Dkt. 60, Declaration of Rory Leid ("Leid Dec."), Exh. B (Examination Under Oath of Carmen Perez) and Exh. C (Examination Under Oath of Cesar Zavala-Vasquez ("Zavala Exam.")).

On April 11, 2008, Defendant denied Plaintiffs' claim for coverage. Dkt. 1 at 8. Defendant claims that it "denied the Plaintiff's insurance claim for the fire loss in part because it appeared that the Plaintiffs caused the loss." Dkt. 32 at 2.

On June 17, 2009, Defendant conducted depositions of both Plaintiffs. Leid Decl., Exh. A (Deposition of Carmen Perez) and Exh. D (Deposition of Cesar Zavala-Vasquez ("Zavala Dep.")). In those depositions, Defendant claims that Plaintiffs made numerous statements that are inconsistent with statements that they made in their previous depositions under oath. Dkt. 59 at 2-7.

First, Defendant claims that "Mr. Zavala Misrepresented Who He Was With on the Day of the Loss." Dkt. 59 at 2. On March 7, 2008, Mr. Zavala stated that on the morning of the loss, he went to work with "Mr. Stone." Zavala Exam. at 49. Mr. Zavala also stated that he and Mr. Stone went to Puyallup and Sumner, WA to clean a house and do other jobs. *Id*. On June 17, 2009, Mr. Zavala testified that "Brian," not Mr. Stone, picked him up from the hotel in the morning. Zavala Dep. at 42. Mr. Zavala further testified that he and Brian went to Mr. Stone's residence and stayed for four or five hours. *Id*. at 43.

Second, Defendant claims that "Mr. Zavala Misrepresented What He Was Doing on the Day of the Loss." Dkt. 59 at 2. On March 7, 2008, Mr. Zavala stated that on the day of the loss, he and Mr. Stone were working. Zavala Exam. at 49. On June 17, 2009, Mr. Zavala testified that on the day of the loss, he, Brian, and Mr. Stone were at Mr. Stone's residence. Zavala Dep. at 43.

Third, Defendant claims that "Plaintiffs Misrepresented the Nature and Extent of Mr. Zavala's Injury." Dkt. 59 at 3. On March 7, 2008, Mr. Zavala stated that he could not walk or sleep after being released from the hospital. Zavala Exam. at 49. On June 17,

2009, Mr. Zavala testified that he and Mr. Stone worked all day on the day of the loss. Zavala Dep. at 43.

Fourth, Defendant claims that "Mr. Zavala Initially Concealed That He Was at the Insured Property on the Night of the Loss." Dkt. 59 at 3. On March 7, 2008, Mr. Zavala stated that he did not go to the insured property until he was advised of the fire. Zavala Exam. at 62. On June 17, 2009, Mr. Zavala testified that he left "Ms. Crashul's" for approximately fifteen minutes to go to the insured property. Zavala Dep. at 45-47.

Fifth, Defendant claims that "Mr. Zavala Misrepresented How Long He Stayed at Ms. Crashul's Residence." Dkt. 59 at 4. On March 7, 2008, Mr. Zavala stated that after work, he asked Mr. Stone to drop him off at his neighbor's house, Ms. Crashul's house. Zavala Exam. at 55. On June 17, 2009, Mr. Zavala testified that he and Brian stayed at Ms. Crashul's residence for about three hours. Zavala Dep. at 45.

Sixth, Defendant claims that "Mr. Zavala Misrepresented When He Returned to the Residence After the Fire." Dkt. 59 at 5. Mr. Zavala testified that after he left Ms. Crashul's, she called to tell him that his residence was on fire. Zavala Exam. at 51. He further testified that he returned in approximately fifteen minutes. *Id*. However, Ms. Crashul stated that Mr. Zavala returned to the residence after the fire department had already put out the fire. Dkt. 63, Declaration of Josephine Crashul, ¶ 14.

Finally, Defendant claims that Plaintiffs have provided inconsistent stories regarding televisions and laptops that Plaintiffs reported as stolen prior to the fire. Dkt. 59 at 5-6. Plaintiffs counter that the televisions that were photographed at the residence "are not the same televisions that were reported stolen." Dkt. 71 at 2.

### III. DISCUSSION

**A.     Defendant's Motion for Summary Judgment**

    **1.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2. Defendant's Motion**

Defendant request that the Court grant summary judgment in its favor on Plaintiffs' claim for breach of the insurance contract. Dkt. 59. The insurance contract at

issue contained a clause that states that Defendant will not "cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance." Dkt. 61, Declaration of Bret Follett, Exh. A at 3. Washington court have consistently upheld and enforced these provisions. *See, e.g., Mut. of Enumclaw Ins. Co. v. Cox*, 110 Wn.2d 643, 650; *Wickswat v. Safeco Ins. Co.*, 78 Wn. App. 958, 970-71 (1995), *review denied*, 128 Wn.2d 1017 (1996); *St. Paul Mercury Ins. Co. v. Salovich*, 41 Wn. App. 652, 659, *review denied*, 104 Wn.2d 1029 (1985). Moreover, an insured need only make one material misrepresentation to void all coverage under the entire policy. *Onyon v. Truck Ins. Exch.*, 859 F. Supp. 1338, 1341 (W.D. Wash. 1994).

The key question is whether the misstatement was material. *Cox*, 110 Wn.2d at 649. While materiality is generally a mixed question of law and fact, it may be decided as a matter of law "'if reasonable minds could not differ on the question.'" *Onyon*, 859 F. Supp. at 1341 (quoting *Long v. Ins. Co. of N. Am.*, 670 F.2d 930, 934 (10th Cir. 1982)); *see also Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 485 (2003) (questions of fact may be determined on summary judgment as a matter of law where reasonable minds could reach but one conclusion) (citing *Ruff v. County of King*, 125 Wn.2d 697, 703-04 (1995)).

In addition to proving materiality of the alleged misrepresentation, the insurance company must demonstrate that the insured knowingly made the untrue representations and that, in making those representations, the applicant intended to deceive the company. *Kay v. Occidental Life Ins. Co.*, 28 Wn.2d 300, 301 (1947) (citing *Houston v. New York Life Ins. Co.*, 159 Wn. 162 (1930)). But if an insured knowingly makes a false statement, courts will presume that the insured intended to deceive the insurance company. *Kay*, 28 Wn.2d at 302 (citing *Quinn v. Mut. Life Ins. Co.*, 91 Wn. 543 (1916)); *see also Day v. St. Paul Fire & Marine Ins. Co.*, 111 Wn. 49 (1920). If the insured knowingly made a false statement, the burden shifts to the insured to establish an honest motive or an innocent intent. *Kay*, 28 Wn.2d at 302 (citing *Day*, 111 Wn. 49).

In this case, Defendant has failed to show that it is entitled to judgment as a matter of law that Mr. Zavala made material misrepresentations with an intent to deceive Defendant. Plaintiffs argue that "[e]ach and every alleged material misrepresentation of fact stated in Defendant's summary judgment motion is nothing more than Defendant's own creative misrepresentation of the record in this case." Dkt. 71 at 12. The Court agrees to the extent that reasonable minds could differ on the questions of whether Mr. Zavala's statements are (1) misrepresentations, (2) material, and (3) made knowingly and with an intent to deceive Defendant. The factfinder is the appropriate entity to decide the credibility of Mr. Zavala, the alleged inconsistencies in his account of his whereabouts and dealings on the day of the loss, and the nature and extent of his injuries.

Therefore, the Court denies Defendant's motion for summary judgment because material questions of fact exist on the issue of whether Plaintiffs knowingly made material misrepresentation with an intent to deceive Defendant.

**B.  Defendant's Motion for Reconsideration**

Defendant claims that

> On November 24, 2009, one day after the Court vacated its prior order, the Washington Court of Appeals ruled in *Kim v. Allstate* that an insured's material misrepresentations negate a finding that the insurer acted in bad faith or violated the CPA. *Kim v. Allstate*, 2009 WL 4043373, 10 (Wn. App. Div. 2).

Dkt. 77 at 2. In *Kim*, the court found that plaintiff had made material representations as a matter of law. *Kim*, 2009 WL 4043373, 6-10 (Wn. App. Div. 2). No such findings have been entered in this case. Therefore, the Court denies Defendant's motion for reconsideration.

# IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment Re Plaintiffs' Misrepresentations (Dkt. 59) and Defendant's Motion for Relief for the Ten-Judicial Day

Deadline Under Local Rule CR 7(h)(2) and for Reconsideration Re the Plaintiffs' Bad Faith and CPA Claims (Dkt. 77) are **DENIED**.

DATED this 9th day of December, 2009.

_____
BENJAMIN H. SETTLE
United States District Judge